**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                              CASE NO: 3:17-cr-222-J-32PDB

DUSTIN WHITTAKER                                ORDER ON MOTION FOR
                                                SENTENCE REDUCTION UNDER
                                                18 U.S.C. § 3582(c)(1)(A)

---

## O R D E R

Upon motion of ⊠ the defendant ☐ the Director of the Bureau of Prisons for

a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the

applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy

statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

⊠  DENIED after complete review of the motion on the merits.

  ⊠  FACTORS CONSIDERED

Defendant Dustin Whittaker is a 31-year-old inmate incarcerated at Coleman

Low FCI, serving an 87-month term of imprisonment for possession of 50 grams or

more of methamphetamine with intent to distribute. (Doc. 27, Judgment). According

to the Bureau of Prisons (BOP), he is scheduled to be released from prison on January

18, 2024. Defendant seeks compassionate release because of the Covid-19 pandemic

and because he claims to have hypertension, asthma, and elevated levels of two liver

enzymes.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the Centers for Disease Control (CDC), those who have high blood pressure and moderate-to-severe asthma might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk for serious illness.[1] The medical records reflect that Defendant has a history of hypertension, but that the condition is controlled through the use of blood pressure medication. (Doc. 34-1 at 10, 12). Defendant's medical records do not reflect that he currently has asthma. (Id. at 12). However, Defendant self-reported having "mild asthma" during a physical examination in 2005 (id. at 17-18), which according to the CDC is not associated with an increased risk for severe

---

[1]    https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

infection from Covid-19. Finally, Defendant's medical records indicate that he has elevated levels of "AST" and "ALT" (aspartate transaminase and alanine transaminase), two liver enzymes. (Id. at 14).[2] But Defendant's medical records do not reflect that he has been diagnosed with any disease of the liver. The CDC does not report that having elevated levels of AST or ALT, without more, increases the risk of serious illness from Covid-19. Considered alongside Defendant's young age (31), the Court concludes that he has not demonstrated extraordinary and compelling reasons for compassionate release.[3]

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of a serious drug trafficking offense, which involved receiving shipments and possessing with intent to distribute over 1.5 kilograms of methamphetamine. (Doc. 12, Plea Agreement at 21-22; Doc. 23, Presentence Investigation Report [PSR] at ¶¶ 1-17, 22). Based on a total offense level of 33 and a Criminal History Category of III, the Sentencing Guidelines recommended a sentence of 168 to 210 months in prison. (Doc. 23 at ¶ 98). Defendant benefited from a significant downward variance

---

[2]     According to the Mayo Clinic, AST and ALT are liver enzymes, elevated levels of which "often indicate inflammation or damage to cells in the liver." https://www.mayoclinic.org/symptoms/elevated-liver-enzymes/basics/definition/sym-20050830.

[3]     The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

when the Court imposed a sentence of 87 months in prison.

The Court commends Defendant for making efforts while in prison to improve himself and to stay in touch with his family. However, as of this date, Defendant has served fewer than three years of his 87-month term of imprisonment. In view of all the § 3553(a) factors, reducing Defendant's sentence at this time would not be consistent with the statutory purposes of sentencing. Accordingly, Defendant's Amended Motion for Compassionate Release (Doc. 34), as supplemented (Doc. 35), is **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of October, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[4]     To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).